J. F. Daly, J.
The motions must be denied, for the following reasons: Proceedings under the mechanic’s lien act are now, and have been for the last " two years, pending to foreclose all the liens in question, and the issues joined in those proceedings are trying" before the referee appointed for the purpose. The grounds urged on these motions for discharging the liens are all available as defenses to them in such proceedings.. The party (a subsequent purchaser) making these motions may be admitted to defend the premises from the liens, and be made a party to those proceedings, if he apply for the privilege. His rights, therefore, can be fully protected without resort to such motions as these.
H. After the commencement of regular proceedings under the act to foreclose the liens, and while the issues are trying, it would be an extraordinary exercise even of lawful authority to discharge the liens upon a summary application of this character made outside the actions. But I doubt if the court has the power to grant the orders asked for. The lien act (Laws of 1863, ch. 500, § 10) provides how liens may be discharged ; and these express enactments negative the idea that the legislature intended to vest in the court the power to discharge the liens by other processes, or for other causes, and particularly upon summary motion.
• In the case of Lutz v. Ey, 3 E. D. Smith, 630, no authority or reason is given for the statement that liens may be discharged on motion in these cases, and the *337 statement is merely ob. diet., not necessary to the determination of the point before the court. The authorities cited <pn the other hand (Fettretch v. Totten, 2 Abb. Pr. N. S., 264, and McGuckin v. Coulter, 10 Id. 128), are entitled to greater weight.
III. Even if the court might, upon summary application, discharge the liens, it would be an answer to the motions that, after the parties interested had joined issue and proceeded to trial in regular foreclosure proceedings, the court should leave them to their remedy in such proceedings. The subsequent purchaser took the premises with notice of the liens and the proceedings, and stands in no better position than the other parties.
IY. The foregoing reasons apply with even greater force to the application for an .order to reduce the amount of one of the liens. The issues as to that are before the referee, and should be tried in the regular way.
Motions denied.